Germain J. WELLENS and Georgina
M. Wellens, Appellants,

v.

Charles THUENING, Respondent.

No. C7–86–123.

Court of Appeals of Minnesota.

Sept. 23, 1986.

Robert A. Nicklaus, Patricia J. Milun,
Chaska, for appellants.

MacR. Willemssen, Chaska, for respondent.

Heard, considered and decided by LAN-SING, P.J., and PARKER and NIEREN-GARTEN, JJ.

## OPINION

PARKER, Judge.

This appeal is from the dismissal of appellant Wellens' complaint alleging that respondent Thuening had caused unreasonable harm to appellants by diverting the natural flow of water across respondent's land and by converting his property from pasture land to crop land, and from the denial of appellants' motion for a new trial. We affirm.

## FACTS

Appellants and respondent own adjacent parcels of property in Carver County, Minnesota, with respondent's property lying to the north and west of appellants'. The natural drainage of water runs across the east and south borders of respondent's land into two gulleys on appellants' property.

In 1961 appellants, with the advice and assistance of the United States Soil Conservation Service, installed at the edge of their east gully a surface drainage structure consisting of a 30–inch drainpipe attached to a 21–inch conduit. In 1965 a similar structure was built at the edge of the south gully pursuant to an agreement signed by both parties.

Water from respondent's land is drained toward the east structure by a field ditch which has an outlet approximately 60 feet from appellants' land. Respondent periodically removes silt from the field ditch and deposits it alongside the field ditch, creating a dike. In 1962 respondent installed a tile system to direct subterranean water to the field ditch. Respondent also dug another shallow ditch and built up a berm along the tile system, which he extended in 1978 to drain more water into appellants' east structure. In the early 1980's, the east structure began to "wash out" during severe rainfalls, causing damage to appellants' land.

In Count One of their complaint, appellants claimed that respondent's actions in creating the dike, the shallow ditch, and the berm, and in extending the tiling, caused the failure of the east structure by diverting water to that structure that would have otherwise drained elsewhere. Count Two of the complaint alleged that respondent's conversion of pasture land into crop land in the 1950's caused additional water to flow into appellants' land, leading to more soil erosion.

The trial court dismissed Count Two of the complaint, without stating its reasoning, at the conclusion of appellants' case. As to Count One, respondent testified that, prior to the installation of the east structure and the tiling system, the field ditch had already directed water across the east border of his land. Respondent then called three expert witnesses who testified that the east and south structures served two distinct draining areas. One of the experts also testified that respondent's activities had not materially altered the drainage areas so as to cause water that would otherwise have flowed elsewhere to flow into the east structure. In addition, this expert testified that the failure of the east structure resulted from a malfunction of the conduit and not from excess water.

The trial court dismissed appellants' complaint, concluding that respondent had taken reasonable care to avoid unnecessary injury to appellants with respect to the drainage of water across respondent's land. The court found that appellants had failed to prove that respondent's actions resulted in the diversion of any water into the east structure that would not otherwise have flowed there, and that respondent therefore was not liable for the failure of the structure or the resulting damage to appellants' property. Appellants moved for a new trial, claiming the evidence did not support the findings and that the court erred in dismissing their second count. The court issued an order denying the motion for a new trial, and this appeal followed.

## ISSUES

1. Did the trial court err in concluding that respondent took reasonable care to avoid unnecessary injury to appellants with respect to the drainage of water across respondent's land?

2. Did the trial court err in dismissing appellants' claim alleging that respondent's

conversion of pasture land into crop land caused erosion of appellants' land?

## DISCUSSION

### I

Appellants first assert that the trial court erred in concluding that respondent used reasonable care to avoid unnecessary injury to appellants with respect to the drainage of water across respondent's land. This conclusion was based on the court's finding that respondent had not diverted the natural flow of water. The findings of a trial court sitting without a jury will not be set aside unless they are clearly erroneous. Minn.R.Civ.P. 52.01; *Murphy v. Country House, Inc.,* 349 N.W.2d 289 (Minn.Ct.App.1984). Even though the appellate court may disagree with the trial court's findings, it can reverse only if it has a firm and definite conviction that a mistake was made. *City of Minnetonka v. Carlson,* 298 N.W.2d 763 (Minn.1980). A reviewing court should not substitute its judgment for that of the trial court. *Blixt v. Civil Service Board,* 297 Minn. 504, 210 N.W.2d 230 (1973).

In this case the trial court's findings were not clearly erroneous. Both sides presented arguments on whether respondent had diverted water from its natural flow. Where the evidence conflicts, as here, the appellate court will not disturb the trial court's findings so long as there is evidence that reasonably supports the trial court's determination. *Peterson v. Johnston,* 254 N.W.2d 360, 362 (Minn.1977). Such evidence is to be viewed in the light most favorable to the prevailing party. *Theisen's, Inc. v. Red Owl Stores, Inc.,* 309 Minn. 60, 66, 243 N.W.2d 145, 149 (1976). The burden is on the appellant to show that there is no substantial evidence reasonably tending to sustain the trial court's findings. *Costello v. Johnson,* 265 Minn. 204, 121 N.W.2d 70 (1963). Appellants in this case failed to meet that burden.

A 1961 drawing by the Soil Conservation Service showed that respondent's land had two distinct drainage areas. Additionally, one of respondent's experts, using a soil erosion document based on pictures taken in 1963, testified that one branch of the natural drainage pathway "follow[s] the approximate alignment of where the tile is in [respondent's] property." That expert also testified at length that respondent's ditching and other activities did not alter the natural drainage areas. This evidence was sufficient to support the court's finding, especially when viewed in the light most favorable to respondent.

The trial court also implicitly found that appellants failed to prove that the water flowing from respondent's land caused the failure of the east structure. This finding was also reasonably supported by the evidence. Respondent's expert testified that the failure resulted from "piping failure" resulting from defects in the structure, rather than excess water. In addition, there was testimony showing that the structure's overflow channel was never used, indicating that the structure was not being required to drain more water than it was designed to handle. We conclude there was ample evidence to support the trial court's findings and conclusion.

### II

Appellants also allege that the trial court erred by failing to apply the complete rule of law governing diversion of surface water. Specifically, appellants assert that the court failed to balance the benefits accruing to respondent from the drainage system against the harm resulting to the appellants, as required in *Enderson v. Kelehan,* 226 Minn. 163, 168, 32 N.W.2d 286, 289 (1948). This argument is without merit. Since the trial court specifically found that respondent did not divert the natural flow of water, there was no need to apply a rule of law governing diversion.

### III

Appellants next challenge the trial court's dismissal of Count Two at the close of appellants' case, pursuant to Minn. R.Civ.P. 41.02(2). In that count appellants claimed that, when respondent began to cultivate and plant hay and corn on a hilly portion of his property in the 1950's, the increased flow of water onto appellants' property created a deep ravine. The only evidence offered in support of this allega-

tion was appellant Germain Wellens' own statement that he thought if respondent had kept the property as a pasture, the ravine would not have been created. The trial court did not state its reasons for dismissing this count, but given the lack of evidence, the court was justified in dismissing it for failure to establish a claim upon which relief could be granted. Although the trial court should provide written findings in support of such a judgment under Rules 41.02(2) and 52.01, the court's failure to do so in this case was harmless error given the lack of evidence presented by appellants.

## IV

Appellants' final assertion is that the trial court erred by not granting them equitable relief. This claim merits little discussion. "Granting equitable relief is within the sound discretion of the trial court. Only a clear abuse of that discretion will result in reversal." *Nadeau v. Ramsey County*, 277 N.W.2d 520, 524 (Minn.1979). For the reasons already discussed, we find no such clear abuse of discretion in this case.

## DECISION

The trial court's findings and conclusion were not clearly erroneous. The trial court did not err in dismissing part of appellants' complaint for failure to state a claim upon which relief could be granted. Judgment for respondent and denial of appellants' motion for a new trial are affirmed.

Affirmed.