Linh **HUYNH**, Appellant,

v.

**ILLINOIS FARMERS INSURANCE COMPANY, Respondent.**

No. C6–87–2102.

Court of Appeals of Minnesota.

March 29, 1988.

Review Denied May 18, 1988.

Jerome A. Ritter, Jerome A. Ritter & Associates, St. Paul, for appellant.

J. Mark Catron, Andrea J. Linner, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and SEDGWICK and FORSBERG, JJ.

## OPINION

NIERENGARTEN, Judge.

The district court granted the respondent insurance company's motion for summary judgment concluding the appellant's injury did not arise out of the maintenance or use of a motor vehicle and that the insurance company is not liable for payment of basic economic loss benefits. We affirm.

## FACTS

On July 26, 1986, appellant Linh Huynh was loading picnic supplies into the hatchback of his car. Huynh lifted a partially-filled ten-gallon water cooler onto the back bumper of the car and then lifted the cooler into the cargo area. While leaning forward against the rear of the car and while moving the cooler forward into the car Huynh felt a sharp pain in his back. He consulted a doctor a few days later and received continuing medical treatment.

Huynh's insurance carrier, respondent Illinois Farmers Insurance Company (Illinois Farmers), denied coverage because it concluded Huynh's injury did not arise out of the maintenance or use of his car since Huynh was not occupying, entering into or alighting from his car when he was loading the water cooler. Huynh sought declaratory relief; the parties stipulated that there are no questions of fact and the coverage issue was submitted to the district court on cross motions for summary judgment.

The court concluded Huynh's "act of loading the cooler into the trunk of his vehicle did not occur because of the use of the vehicle." The court also concluded Huynh's car was neither an "active accessory to the injury" nor "a contributing and necessary cause of the injuries." Accordingly, the district court granted Illinois

Farmers' motion for summary judgment. Huynh appeals from the judgment.

## ISSUE

Did the district court err by concluding the appellant's injury did not arise out of the maintenance or use of a motor vehicle?

## ANALYSIS

Upon proper motion by a party, the district court shall render summary judgment

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

Minn.R.Civ.P. 56.03.

The parties dispute only the district court's conclusions about the scope of coverage and its application of the law. Accordingly, this court need not defer to the district court and may determine whether the court "properly interpreted and applied the law to the facts presented." *See Associated Independent Dealers, Inc. v. Mutual Service Insurance Cos.*, 304 Minn. 179, 183–84, 229 N.W.2d 516, 519 (1975) (footnote omitted).

*Maintenance or Use of a Motor Vehicle*

Illinois Farmers' policy provided personal injury protection coverage "for bodily injury to an insured person caused by an accident arising out of the operation or use of a motor vehicle." The policy defined an "insured person" as:

> you or any family member who sustains bodily injury while occupying a motor vehicle or, while a pedestrian, caused by accident arising out of the operation or maintenance of any motor vehicle * * *.

An exclusion provision stated that Huynh's policy excluded coverage for bodily injury

> *if such injury arises out of loading or unloading any motor vehicle.* This exclusion does not apply while such person is occupying such motor vehicle.

(emphasis added).

> "Maintenance or use of a motor vehicle" means maintenance or use of a motor

vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, and alighting from it. Maintenance or use of a motor vehicle does *not* include * * * *conduct in the course of loading and unloading the vehicle unless the conduct occurs while occupying, entering into or alighting from it.*

Minn.Stat. § 65B.43, subd. 3 (1984) (emphases added). Each case presenting "maintenance and use" questions "must, to a great degree, turn on the particular facts presented." *Associated Independent Dealers, Inc.*, 304 Minn. at 182, 229 N.W.2d at 518 (footnote omitted).

Huynh's injury is a compensable injury within the meaning of the no-fault statute and covered by his policy if: (1) he was loading or unloading a vehicle, (2) he was occupying, entering into or alighting from a vehicle at the time of his injury, and (3) his injury arose out of the maintenance or use of a motor vehicle as a vehicle. *See Galle v. Excalibur Insurance Co.*, 317 N.W.2d 368, 369–70 (Minn.1982).

### (1) Loading or unloading a vehicle

It is undisputed that Huynh was loading his car when he injured his back.

### (2) Occupying, entering into or alighting from a vehicle

Huynh was neither "occupying" nor "alighting from" his car at the time of his injury because he was neither physically sitting in the vehicle nor getting out of the vehicle at the time of the accident. Huynh may have been "entering into" a vehicle within the meaning of the no-fault statute or his insurance policy when he placed the water cooler into the cargo area of his car. *See Jorgensen v. Auto–Owners Insurance Co.*, 360 N.W.2d 397 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Apr. 12, 1985) (the plaintiff was "entering" the trunk of a car to retrieve an item from the car). However, we need not resolve that question since we conclude Huynh's injury is not compensable for other reasons. *See Haagenson v. National Farmers Union Property & Casualty Co.*, 277 N.W.2d 648, 652 (Minn.1979) ("the finding that a person is entering a motor vehicle will not establish

in every case that an injury has 'arisen out of the use of a motor vehicle' ").

### (3) Maintenance or use as a vehicle

Huynh's injury is covered by the no-fault statute only if the injury arose out of the maintenance or use of a motor vehicle as a vehicle. *See* Minn.Stat. § 65B.44, subd. 1 (Supp.1985); Minn.Stat. § 65B.43, subd. 3 (1984); *see also Galle*, 317 N.W.2d at 370. In other cases injuries arose out of the maintenance or use of a motor vehicle in part because the injuries actually were caused by the vehicle. *See, e.g., Jorgensen*, 360 N.W.2d 397 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Apr. 12, 1985) (a plaintiff who was "entering" a car trunk to remove an item was covered by no-fault insurance because the explosion which caused his injuries was caused by a malfunctioning electrical component of the car); *Petrick v. Transport Insurance Co.*, 343 N.W.2d 876, 879 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Apr. 25, 1984) (an oil spill on the floor of a truck trailer was "attributable to the use of the truck for transportation of goods"); *Galle*, 317 N.W.2d 368 (a malfunctioning vehicle door caused a plaintiff to fall forward and injure himself as he was entering the vehicle). Huynh's back injury was caused by lifting and moving the water cooler and was independent of the car which did not actively cause the injury. The car was nothing more than the situs of the accident and was not being used as a motor vehicle at the time of the accident. *See Fire & Casualty Insurance Co. v. Illinois Farmers Insurance Co.*, 352 N.W.2d 798, 799 (Minn.Ct.App.1984). Since the car was neither an active accessory to Huynh's injury nor the cause of the accident, and the injury was not sufficiently related to the use of the car as a motor vehicle, Huynh's injury did not arise out of the "use of a motor vehicle as a vehicle." *See* Minn.Stat. § 65B.43, subd. 3 (1984). Accordingly, the district court did not err by granting Illinois Farmers' motion for summary judgment.

## DECISION

The district court did not err by granting summary judgment in favor of the respon-

dent insurer. The appellant's injury was not sufficiently related to the use of the automobile as a vehicle and therefore did not arise out of the use of a motor vehicle within the meaning of the no-fault statute.

Affirmed.