**PELLA PRODUCTS, INC., Appellant,**

v.

**ARVIG TELEPHONE COMPANY,
Respondent.**

No. CX–91–2298.

Court of Appeals of Minnesota.

July 21, 1992.

Review Denied Sept. 30, 1992.

---

Joan E. Ahrens, Spencer G. Kluegel Law Firm, Minnetonka, for appellant.

Reese E. Chezick, David M. Henry, Moss & Barnett, Minneapolis, for respondent.

Considered and decided by NORTON, P.J., and LANSING and DAVIES, JJ.

## OPINION

NORTON, Judge.

Appellant challenges the trial court's dismissal of its mechanics' lien foreclosure action.

## FACTS

On July 26, 1988, appellant Pella Products, Inc. (Pella) entered into a written contract with general contractor Burns & Associates of Brainerd to supply windows to an existing building owned by respondent Arvig Telephone Company (Arvig) in Pequot Lakes. Pella has not been paid for the improvements to Arvig's property.

Pella prepared a mechanics' lien statement on April 13, 1989. The lien statement was filed with the county recorder in Crow Wing County on April 20, 1989. Arvig received the lien statement by ordinary first class mail on April 20, 1989 and May 25, 1989.

The trial court concluded that the first class mailings of the mechanics' lien statement does not constitute certified mail or personal service as required by Minn.Stat. § 514.08, subd. 1(2) (1988). The trial court declared Pella's mechanics' lien to be null and void and granted a judgment of dismissal for Arvig.

## ISSUES

I. Does receipt of a mechanics' lien statement by first class mail constitute personal service as required by Minn.Stat. § 514.08, subd. 1(2)?

II. Did Pella substantially comply with the requirements of Minn.Stat. § 514.08, subd. 2 (1988)?

## ANALYSIS

Construction of a statute is a question of law and is subject to *de novo* review on appeal. *Doe v. State Bd. of Medical Examiners*, 435 N.W.2d 45, 48 (Minn.1989).

### I.

The mechanics' lien statute is to be liberally construed as remedial. *Dolder v. Griffin*, 323 N.W.2d 773, 780 (Minn.

1982). However, the remedial nature of a statute does not justify a construction which gives the statutory language an application and meaning not intended by the legislature. *Kalin v. Oliver Iron Min. Co.*, 228 Minn. 328, 334, 37 N.W.2d 365, 368 (1949). While various jurisdictions differ on whether service requirements in a mechanics' lien statute require strict interpretation, the Minnesota Supreme Court has determined that mechanics' liens exist only by statute, which must be strictly followed with regard to all requirements upon which the right to a lien depends. *Dolder*, 323 N.W.2d at 780.

Pella did not substantially comply with the statute when it served the mechanics' lien statement by first class mail. A copy of a mechanics' lien statement must be served

> personally or by certified mail on the owner or the owner's authorized agent or the person who entered into the contract with the contractor.

Minn.Stat. § 514.08, subd. 1(2). Personal service generally has been defined as:

> [a]ctual delivery of process to person to whom it is directed or to someone authorized to receive it in his behalf.

Black's Law Dictionary 1369 (6th ed.1990). Generally, "[a]ny form of service of process other than personal service," including service by mail is considered substituted service. *Id.* Arvig acknowledges that it received notice of the mechanics' lien through service by first class mail. This is neither service by certified mail nor personal service.

However, Pella argues that because Arvig acknowledges that it received the first class mailing of the mechanics' lien statement, this is actual notice which meets the intent of section 514.08, subd. 1(2) to insure actual receipt of the lien statement. Pella cites *Har–Ned Lumber Co. v. Amagineers, Inc.*, 436 N.W.2d 811 (Minn.App.1989), which addresses the certified mail requirement for service of a mechanics' lien statement.

The *Har–Ned* court held that a party was served timely notice of a mechanics' lien by certified mail despite the party's having never actually received the mechanics' lien statement due to a problem at the postal service. *Id.* at 815. The court concluded that the party's conduct in either refusing or neglecting to assist the postal service in tracing the missing certified mail, coupled with his actual notice of the mechanics' lien through general awareness of problems, was sufficient notice to satisfy the service requirement of section 514.-08, subd. 1(2). *Id.*

This case is distinguishable from *Har–Ned* where the party serving the mechanics' lien complied fully with section 514.08, subd. 1(2). In this case, we cannot conclude that Pella complied fully with this section because the evidence fails to show that service by certified mail was ever initiated by Pella. Additionally, while Arvig had actual notice of the mechanics' lien, there was no conduct by Arvig which demonstrates that it attempted to defeat proper service under section 514.08, subd. 1(2).

Compliance with the clear language of section 514.08, subd. 1(2) requires personal service or service by certified mail. When the words of a statute in their application to a specific situation are clear of any ambiguity, "the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn.Stat. § 645.16 (1990). Actual notice through service by first class mail does not constitute personal service under the clear language of section 514.08, subd. 1(2). *See State v. Theo. Hamm Brewing Co.*, 247 Minn. 486, 497, 78 N.W.2d 664, 670 (1956) (courts must follow clear statutory directions and read nothing into statute).

## II.

Arvig argues that the mechanics' lien statement does not comply with the requirements of Minn.Stat. § 514.08, subd. 2(8) (1988) as to verification by oath that the lien statement has been served or mailed to the proper person. While we believe that there are some practical difficulties in literally applying this statute section, in light of our decision that the mechanics' lien statement was not properly served, we do not reach this issue.

## DECISION

Pella did not meet the service requirements of Minn.Stat. § 514.08, subd. 1(2) when it served a copy of its mechanics' lien statement on Arvig by first class mail. The trial court did not err in dismissing Pella's claim.

Affirmed.