**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**CX-02-1200**

Carolina Holdings Midwest, LLC,
a Delaware limited liability company,
d/b/a Inter-State Lumber,
Respondent,

vs.

James A. Copouls, et al.,
Appellants,

Citizens State Bank of Waverly, et al.,
Defendants,

Scherer Bros. Lumber Co.,
Respondent,

Flare Heating & Air Conditioning,
Respondent,

and

Scherer Bros. Lumber Co.,
Defendant and Third-Party Plaintiff,

vs.

Robb Gass, individually,
Third-Party Defendant,

and

Carolina Holdings Midwest, LLC,
a Delaware limited liability company,
d/b/a Inter-State Lumber,
Plaintiff and Third-Party Plaintiff,

vs.

Littfin Lumber Company, d/b/a Littfin,
Third-Party Defendant,

and

Robb Gass Construction, Inc.,
Defendant and Second Third-Party Plaintiff,

vs.

Britt J. and Michele Willis,
d/b/a Design Classics Custom Home Designers, et al.,
Second Third-Party Defendants.

**Filed April 1, 2003**
**Affirmed**
**Harten, Judge**

Hennepin County District Court
File No. LN004861

John G. Westrick, Tammy L. Merkins, Westrick & McDowall-Nix, P.L.L.P., 400 Minnesota Building, 46 East Fourth Street, St. Paul, MN 55101 (for appellants)

Michael J. Dupont, William M. Hennessey, Wagner, Falconer & Judd, Ltd., 3500 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402 (for respondent Carolina Holdings Midwest)

Jonathan M. Bye, Lindquist & Vennum, P.L.L.P., 4200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402 (for respondents Scherer Bros. Lumber Co. and Flare Hearing & Air Conditioning)

Considered and decided by Harten, Presiding Judge, Peterson, Judge, and Halbrooks, Judge.

**S Y L L A B U S**

1.      When property owners have acknowledged receipt of pre-lien notices sent in good faith to their current residence by certified mail and signed for by a mail carrier, the fact that the owners did not personally sign for the pre-lien notices does not void the liens.

2.      When mechanic's lien creditors send copies of lien statements by certified mail to the work site address given by the property owners as their address, the fact that the mailed copies are not accepted at that address does not void the liens.

3.      Minn. Stat. § 514.03 (2000) does not limit the amount of mechanics' liens to the reasonable value of the property.

4.      When mechanic's lien creditors have not consented to property owners' demolition of the real property that secures the liens, the creditors are entitled to a personal judgment against the property owners for lien amounts not satisfied by the foreclosure sale.

5.      When mechanic's lien creditors have not consented to property owners' demolition of the real property that secures mechanics' liens and the amounts of the liens are not satisfied by the foreclosure sale, the creditors are entitled to attach the owners' personal property.

## O P I N I O N

**HARTEN**, Judge

Respondents, subcontractors, filed mechanics' liens on appellants' property. Appellants challenge the district court's determinations that service of both pre-lien notices and lien statements was adequate, that Minn. Stat. § 514.03 (2000) does not limit the amounts of the liens, that respondents are entitled to a personal judgment against appellants for the amount of the liens not satisfied by the foreclosure sale, and that respondents are entitled to an order for attachment. Because we see no error of law in these determinations, we affirm.

## FACTS

Appellants James and Barbara Copouls contracted for a house to be built for $485,079. Respondents Scherer Bros. Lumber Co. (Scherer), Flare Heating & Air Conditioning (Flare), and Carolina Holdings Midwest, d/b/a Inter-State Lumber (Inter-State), are subcontractors who provided materials and labor for appellants' house.

Scherer and Flare sent pre-lien notices by certified mail to the Copouls' residence, where they were signed for by a mail carrier, who then put them with the rest of appellants' mail inside their mailbox. Appellants do not deny that they received the notices.

Respondents filed mechanics' lien statements and, using a lien service company, sent copies of the statements to the work site address by certified mail. Appellants had previously given the work site address as their address on the mortgage papers and directed their bank to send notices to that address. Nevertheless, the lien statements were not accepted at the work site address and were returned to respondents. When respondents sought to foreclose the liens, appellants moved the district court to dismiss the liens on grounds of improper service of both

the pre-lien notices and the mechanic's lien statements. The district court denied this motion.

The parties stipulated as to the amount of Inter-State's lien, but went to trial on the amount of Scherer's and Flare's liens. Appellants argued that Minn. Stat. § 514.03 (2000) operated to limit the liens. The district court rejected that argument and entered judgment establishing the lien amounts.

When respondents became concerned that appellants might demolish the house that was security for their liens, appellants' counsel reassured them that they would be notified before demolition occurred. But without notifying respondents or their own counsel, appellants demolished their house. Respondents then moved for an order to attach appellants' property. The district court granted the motion but stayed the order for three days to allow appellants to post bond, which they did.

Respondents moved to amend the judgment to include interest, attorney fees, language on the priorities of mechanics' liens, and foreclosure sale procedures. Appellants also moved to amend, arguing that Minn. Stat. § 514.03 limited the liens and that attachment was improperly ordered. In a supplementary motion, appellants raised the issue of the adequacy of the pre-lien notice.[1]

**ISSUES**

1. When property owners have acknowledged receipt of pre-lien notices sent in good faith to their current residence by certified mail and signed for by a mail carrier, does the fact that the owners did not personally sign for the pre-lien notices void the liens?

2. When mechanic's lien creditors send copies of lien statements by certified mail to the work site address given by the property owners as their address, does the fact that the mailed copies are not accepted at that address void the liens?

3. Does Minn. Stat. § 514.03 (2000) limit the amounts of mechanics' liens to the reasonable value of the property?

4. Are mechanic's lien creditors whose liens are not satisfied by the proceeds of a foreclosure sale entitled to a personal judgment against property owners who have demolished the property that secured the liens?

5. Are mechanic's lien creditors whose liens are not satisfied by the proceeds of a foreclosure sale entitled to attach the asset of property owners who have demolished the property that secured the liens?

## ANALYSIS

All the issues appellants raise are questions of law. We review questions of law de novo. *Morton Bldgs., Inc. v. Comm'r of Revenue*, 488 N.W.2d 254, 257 (Minn. 1992).

### 1. Service of Pre-Lien Notices

By sending the pre-lien notices to appellants' residence, respondents made a good-faith effort to comply with Minn. Stat. § 514.011, subd. 2(a) (2000), providing that subcontractors must notify property owners of potential liens by personal delivery or certified mail.

> A person entitled to a lien does not lose the right to the lien for failure to strictly comply with this subdivision if a good faith effort is made to comply, unless the owner or another lien claimant proves damage as a direct result of the failure to comply.

Minn. Stat. § 514.011, subd. 2(b). Appellants have not proved damages as a direct result of the fact that the certified mail was signed for by appellants' mail carrier rather than appellants. Therefore, that fact does not void respondents' liens.

Appellants rely on *Merle's Constr. Co. v. Berg*, 442 N.W.2d 300, 302 (Minn. 1989). But *Merle's* is distinguishable: it involved a dispute as to whether notice had in fact been given, because there was no proof of service and neither the notice nor a copy appeared in the record. *Id.* Here, there is no question that notice was given. The district court did not err in concluding that the liens were not void because of defective service of the pre-lien notices.[2]

### 2. Service of Lien Statements

Appellants contend that the liens are void because the lien statements were sent to the work site, where no one was living, and returned to the sender undelivered. *Har-Ned Lumber Co. v. Amagineers, Inc.*, 436 N.W.2d 811, 814 (Minn. App. 1989), rejects the argument "that service by certified mail is only complete upon *receipt* by the addressee." *Id.* Notice has been found when certified mail is properly directed to an intended recipient, even though not actually received. *Id.* Here, the lien statements were properly directed to appellants.

Moreover, the lien statements were sent several months after the completion date to the work

site address that appellants themselves had given as their address when they obtained a mortgage; it was not unreasonable for respondents to assume that mail sent to this address would reach appellants. The district court's conclusion that the liens were not void because of inadequate service was not an error of law.

**2.      Minn. Stat. § 514.03**

Minn. Stat. § 514.03, subd. 2(c) (2000), provides that "[t]he total sum of all liens * * * shall not exceed the * * * contract price * * * less * * * [p]ayments made by the owner * * * to the contractor."  The total sum of all liens here did not exceed $328,996 (the contract price of $485,079 less the $156,083 made in payments).  Appellants contend that, notwithstanding the statutory language, the correct measure is not the contract price but the reasonable value of the house and that the liens should have been reduced accordingly.  They rely on *E.C.I. Corp. v. G.G.C. Co.*, 237 N.W.2d 627, 630 (Minn. 1976).  But *E.C.I.* does not concern the statutory subdivision to which appellants refer, and it involved a single contractor's lien, not a group of subcontractors' liens. Appellants' reliance on *E.C.I.* is misplaced.

The district court did not err in refusing to depart from the statutory language.

**4.      Personal Judgment**

Appellants argue that respondents were not entitled to a personal judgment against them because respondents are not their creditors. The district court did not give respondents an unqualified personal judgment against appellants, nor does a mechanic's lien confer an unqualified personal judgment.

> The judgment in [a mechanic's lien] case is not an ordinary personal judgment against the owner or party personally liable for the debts, so as to be a lien upon other real estate of the owner or party personally liable or to permit execution before the sale of the real estate has been completed.  The mechanics lien claimant must exhaust his rights against the property by sale before any deficiency judgment may be entered personally against a party personally liable.

*Karl Krahl Excavating Co. v. Goldman*, 296 Minn. 324, 327-28, 208 N.W.2d 719, 721 (1973) (citations omitted).  Thus, although respondents do not have rights against appellants' other property until they have exhausted their rights against the property sale proceeds, they will have a right to a deficiency judgment if the property sale does not satisfy the liens.[3]

Moreover, because appellants voluntarily and surreptitiously demolished the property that was the security for respondents' liens, respondents are entitled to a personal judgment against them for any lien amounts not satisfied by the foreclosure sale. The district court did not err in giving respondents an appropriately qualified personal judgment against appellants.

**5.      Order for Attachment[4]**

It is undisputed thatappellants' attorney led respondents to believe that appellants would notify them before demolishing the house that was security for the mechanics' liens and that appellants demolished the house without notifying respondents or their own attorney.

> An order of attachment that is intended to provide security for the satisfaction of a judgment may be issued * * *
>
> (1) when the respondent has assigned, secreted, or disposed of, or is about to assign, secrete, or dispose of, any of the respondent's nonexempt property, with intent to delay or defraud the respondent's creditors * * * .

Minn. Stat. § 570.02, subd. 1 (2000). The district court stated that "[appellants'] actions demonstrate intent to delay or defraud [respondents]" and that "[respondents] are entitled to attach [appellants'] property to satisfy any judgment since [appellants] destroyed [respondents'] previous security."

Appellants challenge the district court's statement that their demolition of their house indicated an intent to delay or defraud respondents, claiming that the demolition of the house raised the value of the property. But we note that appellants' decision to demolish the house made it impossible for respondents to determine whether the demolition did or did not raise the property value.

Appellants also argue that respondents are not entitled to an attachment order because only creditors have the right to attach and respondents are mechanic's lien claimants, not judgment creditors. Minn. Stat. § 570.011 (2000), providing the definitions relevant to the statutes on attachment, does not define creditor. Absent a particular definition of a word or phrase, the ordinary definition applies. Minn. Stat. § 645.08(1) (2002). A creditor is "a person or firm to whom money is due." *Webster's Unabridged Dictionary* 473 (2d ed. 1998). Respondents are firms to whom money is due. *See also* Minn. Stat. § 513.41(4) (2002) (defining creditor in relation to fraud as "a person who has a claim"); Minn. Stat. § 513.41(3) (2002) (defining claim as "a right to payment, whether or

not the right is reduced to judgment"). The district court did not err in ordering attachment of appellants' property.

# D E C I S I O N

The district court did not err as a matter of law in concluding that (1) mechanics' liens are not void because property owners do not personally sign the certified mail receipts of the pre-lien notices; (2) mechanics' liens are not void because mailed copies of the lien statements are not accepted at the work site address given by the property owners as their address; (3) Minn. Stat. § 514.03 (2000) does not limit the amount of mechanics' liens to the reasonable value of the property; (4) mechanic's lien creditors are entitled to a personal judgment against the property owners for lien amounts not satisfied by the foreclosure sale when the property owners have demolished the property without the creditors' consent; and (5) mechanic's lien creditors are entitled to attach the owners' personal property when the amounts of the liens are not satisfied by the foreclosure sale and the property owners have demolished the property without the creditors' consent.

**Affirmed.**

---

[1] Appellants also raised the issue of whether respondents were entitled to liens absent substantial performance. We do not address this issue because it was not raised at trial. "It is a well-settled principle that issues not presented at trial cannot be raised on appeal." *Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63, 68 n.2 (Minn. 1979) (citations omitted); s*ee also Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (this court may consider only issues that the record shows were presented to and considered by the district court; a party may not obtain review by raising the same general issue under a different theory). In any event, appellants offer no support for the legal theory that the validity of a mechanic's lien is contingent on substantial performance.

[2] Appellants also argue that the parties' erroneous stipulation that the pre-lien notices were sent to the job site, not to their residence, governs this issue. But this stipulation was not before the district court at the time it made its decision, and, in any event, appellants concede that it is erroneous because "the pre-lien notices did in fact list [appellants'] current address."

[3] The district court found that the property sale is unlikely to satisfy the liens, and appellants do not dispute this.

[4] We note that this issue is of limited practical significance because appellants posted a bond.