FARMERS & MERCHANTS STATE BANK OF LAMBERTON AND ANOTHER v. BOB B. EBBESEN AND OTHERS.

218 N. W. 2d 688.

May 17, 1974—No. 44981.

*Dygert & Dygert* and *Robert W. Dygert,* for petitioners.

*Gislason, Alsop, Dosland & Hunter* and *C. Allen Dosland,* for respondents.

PER CURIAM.

This negligence action was initially brought by plaintiffs in the District Court of Dakota County. Upon motion of defendants, the trial judge ordered that venue of the action be changed to Redwood County, and pursuant to that order the Clerk of District Court of Dakota County transmitted the entire file to Redwood County. Plaintiffs subsequently petitioned this court for a writ of mandamus directing that venue be returned to Dakota County, and we ordered that further proceedings below with respect to the issue of venue be stayed until further order of this court.

Upon consideration of this matter, we find that part of the cause of

518

action arose in Dakota County and consequently the action was properly venued there. Let writ of mandamus issue.

Plaintiffs are a state bank located in Redwood County and its president. Defendants are attorneys practicing together as a partnership and maintaining two separate offices in Redwood County. Plaintiffs allege in their complaint that defendants have acted as plaintiff bank's general counsel for many years prior to the events which led to this action.

On or about October 31, 1969, plaintiff bank made a loan to Clifford and Viola Stevens secured by a first mortgage on real estate located in Dakota County. Before plaintiff bank recorded this purchase money mortgage on February 27, 1970, Stevens arranged for improvements to be made on the property, and consequently a number of mechanics liens and an attorney's lien were also recorded. On August 18, 1970, Jemm Construction, Inc., instituted by complaint an action in Dakota County District Court to foreclose its mechanics lien on the property, and on August 20, 1970, plaintiff bank was served with a summons. Shortly thereafter, plaintiffs referred this summons to defendants and the latter undertook to represent plaintiff bank with respect to the action instituted by Jemm Construction, Inc. On September 26, 1970, Engineered Steel, Inc., another lien claimant, commenced a separate action for foreclosure by complaint filed in Dakota County District Court. On October 1, 1970, plaintiff bank was served with a summons, and soon thereafter defendants undertook to represent plaintiff bank with respect to this action as well. This second foreclosure action was later consolidated by the district court with the action brought by Jemm Construction, Inc.

On November 19, 1970, defendants were served with a motion and notice of motion for a judgment by default together with a stipulation, signed by all lien claimants, that their liens would be considered to be of equal priority. On November 25, 1970, one of the defendants appeared for plaintiff bank at the hearing on the default judgment motion. At the close of this hearing, the court asked counsel to submit, on or before December 16, 1970, a brief in support of the alleged priority of the bank's mortgage over the liens. On or before December 11, 1970, defendants informed counsel for Jemm Construction, Inc., that they would not be filing a brief.

On November 27, 1970, defendants filed an answer in response to the summons of Jemm Construction, Inc. According to plaintiffs, defendants never did file an answer in response to the action instituted by Engineered Steel, Inc.

Finally, on December 28, 1970, defendants entered into a stipulation on behalf of plaintiff bank, agreeing that the lien claims were superior

to the mortgage of the bank and that the bank would withdraw its objection to the motion for default judgment heard on November 25, 1970. As a result of this stipulation, judgment of foreclosure in favor of the lien claimants was entered on February 24, 1971.

In their complaint, plaintiffs allege that defendants acted negligently and also, in certain instances, negligently failed to act throughout this entire course of events.

Minn. St. 542.09 provides in part that an action "shall be tried in a county in which one or more of the defendants reside when the action is begun or in which the cause of action or some part thereof arose." Minn. St. 542.10 provides that a party can demand a change of venue as a matter of right if the place of trial does not meet the requirements of the above language. Since the parties here reside in Redwood County, the issue in the present case is whether the cause of action, or part of the cause of action, arose in Dakota County.

In Industrial Rubber Applicators, Inc. v. Eaton Metal Products Co. 285 Minn. 511, 171 N. W. 2d 728 (1969), we attempted to set down a framework for deciding these questions of venue. First, we recognized the general rule that a party who brings an action in a county other than that of defendant's residence has the burden of proving his right to do so. We then went on to explain the meaning of "part of a cause of action." Since that case was based on an action in contract, we identified the elements of the action and then decided in which county each was accomplished.

In order to prevail in a negligence action, a plaintiff must show (1) the existence of a duty of care owed to him by the defendant, (2) a breach of that duty, and (3) an injury proximately resulting from that breach. Hill v. Gaertner, 253 Minn. 457, 92 N. W. 2d 810 (1958). In the present case, if a duty of care between plaintiff bank and defendants did exist, it arose in Redwood County, where the services of defendants were procured by plaintiffs. Furthermore, if the plaintiff bank incurred damages because of an alleged breach of duty by the defendants, such damages were incurred at its place of business in Redwood County. Thus, the issue before us is, assuming defendants owed a duty of care to plaintiff bank and breached that duty, whether a sufficient part of their breach occurred in Dakota County so as to constitute a "part" of the cause of action for purposes of applying § 542.09. Upon examining the facts of this case as set forth in plaintiffs' complaint, it becomes abundantly clear that a significant number of defendants' alleged negligent acts have occurred in Dakota County. First, defendants filed an answer on behalf of plaintiff bank in the foreclosure action brought by Jemm Construction, Inc., in Dakota County which, plaintiffs allege, was

filed late and also was substantively deficient in many respects. Second, plaintiffs also allege that one of the defendants acted negligently when he appeared on behalf of the plaintiff bank at the November 25, 1970, hearing. Finally, it is alleged that on December 28, 1970, defendants negligently entered into an unauthorized stipulation on behalf of the plaintiff bank. This stipulation became defendants' official response to the foreclosure actions brought in Dakota County and was ultimately used as a basis for an order for judgment of foreclosure in favor of the lien claimants in those actions. We hold that these alleged acts of negligence alone constitute sufficient grounds for our holding that a part of the cause of action arose in Dakota County and that consequently this action was properly venued there.

Our decision concerning this matter is made without prejudice to the right of either party to raise in the Dakota County District Court the issue of whether a change of venue from Dakota County to Redwood County would promote the convenience of witnesses and the ends of justice pursuant to Minn. St. 542.11(4).

Let a writ of mandamus issue.