**Mark and Brian SCHNEIDER d.b.a. Schneider Farms, Respondents,**

v.

**PLAINVIEW FARMERS MUTUAL FIRE INSURANCE, Appellant.**

**No. C7–86–445.**

Court of Appeals of Minnesota.

July 29, 1986.

Review Granted Sept. 24, 1986.

Kenneth R. Moen, Dunlap, Keith, Finseth, Berndt & Sandberg, P.A., Rochester, for respondents.

Paul J. Wocken, Willenbring, Lickteig & Dahl, Cold Spring and Robert G. Rochford, Rochford, Thomas & Beale, Plainview, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and LANSING, and HUSPENI, JJ.

## OPINION

NIERENGARTEN, Judge.

This appeal is from an order for summary judgment and judgment finding that the fire insurance policy of respondents Mark and Brian Schneider, doing business as Schneider Farms, was not effectively canceled because they did not receive actual notice of the cancellation from appellant Plainview Farmers Mutual Fire Insurance Company (Plainview Mutual). We affirm.

## FACTS

Mark and Brian Schneider are farmers in Wabasha County who, since 1979, have carried blanket personal property coverage with Plainview Mutual, a township mutual insurance company operating under provisions of Minn.Stat. §§ 67A.01–.44 (1984) with offices in Plainview, Minnesota. On March 6, 1984, they purchased a new policy expiring on March 6, 1987.

Premiums were paid in semi-annual installments of $198.00. The second installment was due in September, 1984 and a premium notice was sent on August 15, 1984, with additional notices mailed to the Schneiders on September 28, 1984 and October 10, 1984. The Schneiders contend they failed to open mail containing the three premium notices sent by Plainview Mutual due to farm work pressures during those harvest months.

On October 22, 1984, Plainview Mutual's secretary-manager sent a cancellation notice to the Schneiders by certified mail. (Plainview Mutual also sent by certified mail a copy of the notice of cancellation to the mortgage holder on the Schneiders' personal property, the Farmers Home Administration). The notice informed them that the policy was being canceled for nonpayment of the premium and specifically stated November 1, 1984 as the date of termination. It was eventually returned to

Plainview Mutual as unclaimed mail on November 11, 1984.

The Schneiders deny receipt of the certified notice or actual notice of cancellation.[1]

On November 3, 1984, the Schneiders suffered a fire loss to a combine. Plainview Mutual denied their claim for recovery on the ground that cancellation for nonpayment of premium had taken effect on November 1, 1984, the date specified in the cancellation notice.

Cross-motions for summary judgment were filed by the Schneiders and Plainview Mutual. The trial court granted the Schneiders' motion finding that the insurance policy was not effectively canceled because they did not receive actual notice of the cancellation from Plainview Mutual. Stipulated damages of $25,900 were awarded. Judgment was entered and Plainview Mutual appeals.

## ISSUE

Does a township mutual fire insurance company give effective cancellation notice to its insured pursuant to Minn.Stat. § 67A.18 (1984) when it mails the cancellation notice by certified mail to the last known address of its insured and to any mortgagee to whom the policy is made payable?

## ANALYSIS

Minn.Stat. § 67A.18, subd. 2 details the manner in which a township mutual fire insurance company may cancel a policy when the insured has failed to pay the premium. The statute provides:

> The company may annul and cancel any policy after giving not less than ten days written notice to the insured by registered or certified mail to the last known address of the insured and to any

mortgagee to whom the policy is made payable.

Minn.Stat. § 67A.18, subd. 2 (1984).

It is undisputed that Plainview Mutual complied with all of the requirements of Minn.Stat. 67A.18, subd. 2. After mailing three premium notices to the Schneiders, which were received but not opened, Plainview Mutual sent the required certified cancellation notice ten days in advance of the specified cancellation date to the Schneiders' last known address and to the FHA, the mortgagee of the Schneiders' personal property.

Despite Plainview Mutual's clear compliance with the requirements of the statute, the Schneiders argued and the trial court agreed that the common law cancellation rule of actual notice should govern this case. In Minnesota, common law requires that an insurance company attempting to cancel a current policy must prove actual receipt of the notice of cancellation before the cancellation will be legally effective. *See Donarski v. Lardy*, 251 Minn. 358, 363, 88 N.W.2d 7, 11 (1958).

As support for its decision to require actual notice, the trial court refers to the legislative treatment given a similar cancellation provision for automobile insurance policies. After *Donarski* was decided, the legislature amended the automobile cancellation statute to provide that proof of mailing rather than the common law rule of proof of actual receipt of the cancellation notice was sufficient to make cancellation legally effective. *See* Minn.Stat. § 65B.18 (1984). Thus, in the specific context of automobile insurance, the common law standard of proof has been relaxed. *See Evans v. Government Employees Insurance Co.*, 257 N.W.2d 689, 691 (Minn.1977). Because the legislature has not similarly amended Minn.Stat. 67A.18, and because the statute itself is silent as to the proof necessary to establish an effective cancella-

---

1. There is also no evidence that the FHA received the notice of cancellation sent by Plainview Mutual. The certified mail receipt was never returned to the insurance company nor did the local post office have any record of delivery or nondelivery. · Plainview Mutual's secretary-manager stated in his deposition that he contacted the FHA about receipt of the Schneiders' notice of cancellation. A representative of the agency told him that there was no record with their office of receipt of the notice.

tion, the trial court concluded that the common law rule of proof of actual receipt must still be followed.

Plainview Mutual argues that it was unnecessary for the legislature to enact specific cancellation procedures for township mutual fire insurance companies. Unlike the situation for automobile insurance where the legislature had not addressed the cancellation issue until enactment of Minn.Stat. 65B.18, Minn.Stat. 67A.18 was already well-established law. Thus, Plainview Mutual concludes that there was no need to amend cancellation procedures which had been in use by township mutual insurance companies for a number of years.

The flaw with Plainview Mutual's argument is its failure to address the distinction between the mechanics of cancellation and the proof required to show that cancellation was proper if the insured should later contest the issue. Although it is certainly clear here that Plainview Mutual met the mechanical requirements of Minn.Stat. 67A.18, the statute itself is silent as to whether the mailing of the cancellation notice is sufficient proof to establish a legally effective cancellation.

This distinction between method and proof of cancellation was addressed by the Minnesota Supreme Court in *Donarski* when it interpreted the following language contained in an insurance policy:

> "This policy may be canceled by the Exchange by mailing to the named insured at the address shown in this policy written notice stating when not less than five days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period * * *."

*Donarski*, 251 Minn. at 360, 88 N.W.2d at 9–10.

The insurance company argued that the policy language should control and that cancellation was effective when it mailed the notice to its insured. The court disagreed, holding that the policy provision merely meant that the method of mailing was a proper mode of communicating notice, but that it did not relieve the insurance company of the obligation of proving that the insured actually received the notice. *Id.* at 363, 88 N.W.2d at 11.

Without specific statutory language addressing a standard of proof different than that enunciated in *Donarski*, we conclude that in addition to compliance with the requirements of Minn.Stat. 67A.18, subd. 2, the common law rule of proof of actual notice is required by a township mutual fire insurance company to establish a legally effective cancellation of its policy.

### DECISION

The trial court's order granting summary judgment in favor of respondents Brian and Mark Schneider is affirmed.

Affirmed.