**Mark and Brian SCHNEIDER, d.b.a. Schneider Farms, Respondent,**

v.

**PLAINVIEW FARMERS MUTUAL FIRE INSURANCE COMPANY, Petitioner, Appellant.**

**No. C7–86–445.**

Supreme Court of Minnesota.

June 19, 1987.

Paul J. Wocken, Cold Spring, Robert G. Rochford, Plainview, for appellant.

Kenneth R. Moen, Rochester, for respondent.

COYNE, Justice.

Plainview Farmers Mutual Fire Insurance Company obtained further review of a decision of the court of appeals affirming the summary judgment entered in the trial court for the insureds Mark and Brian Schneider, d.b.a. Schneider Farms. Both lower courts concluded that the common law rule of proof that the insured received notice of cancellation is necessary to establish a legally effective cancellation of a policy issued by a township mutual insurance company. *Schneider v. Plainview*

*Farmers Mut. Fire Ins. Co.*, 391 N.W.2d 68 (Minn.App.1986). We reverse.

While the underlying facts are not disputed, their legal significance is at issue. On March 6, 1984, the defendant township mutual issued its renewal fire policy to plaintiffs. The policy provided $27,000 of broad form coverage for a silo and holding bin and $150,000 blanket coverage on unscheduled property for a semi-annual premium of $198.

On August 15, 1984, defendant sent plaintiffs a premium notice for the semi-annual premium due on September 6. A second notice was sent on September 28 and a third on October 10. The premium remained unpaid and on October 22, 1984, defendant sent notice by certified mail that the policy would terminate on November 1, 1984 for non-payment of premium. On October 28, 1984, Charles Rother, the secretary and one of the two employees of the defendant township mutual, unsuccessfully attempted to reach the Schneiders by telephone.

The November 1, 1984 cancellation date passed and on November 3, the Schneiders' combine was destroyed by fire. Their claim of loss was denied on the basis that the policy was cancelled on November 1, two days before the loss occurred. While plaintiff Mark Schneider admitted receiving the premium notices, he denied receipt of the cancellation notice. In fact, the cancellation notice was retrieved by the directors of the township mutual sometime between November 8 and 11, 1984 from the post office where it was awaiting return to the company as unclaimed mail.

Because the issue presented concerns an attempt by a township mutual insurance company to provide effective notice of cancellation by certified mail, we first examine the unique characteristics of that incorporated entity. Governed by Minn.Stat. ch. 67A (1986), township mutual companies are collective or cooperative efforts of their membership to form a corporation for their mutual insurance against loss or damage from perils enumerated by statute. Minn.

Stat. § 67A.13. The membership requirements are defined, the operations are geographically limited, and the limitation of assets is specified. Minn.Stat. § 67A.01. A township mutual insurance company is unlike a commercial insurance company in a number of respects, not the least of which is that if one or more losses exceed the company's cash funds, the directors are required to levy an assessment on each policyholder for the proportionate amount to cover the excess loss. Minn.Stat. § 67A.17.

The legislature has long recognized the distinct nature of a township mutual insurance company, first enacting comprehensive legislation in 1909. The most significant provision of that original legislation survives today as section 67A.25, subdivision 2, which excepts township mutual fire insurance companies from "all provisions of the insurance laws of this state, not only in governmental relations with the state, but for every other purpose * * *." Moreover, long before the legislature addressed an insurer's duty with regard to the manner of giving notice of cancellation in other areas of insurance, *see e.g.*, Minn.Stat. § 65B.18 (1974), it designated the approved method of providing notice of cancellation of a township mutual policy. Minn.Stat. § 67A.18, subd. 2 provides as follows:

> The company may annul and cancel any policy after giving not less than 10 days written notice to the insured by registered or certified mail to the last known address of the insured and to any mortgagee to whom the policy is made payable.

While defendant contends that it fully complied with the statute to effect cancellation when it sent the notice by certified mail, the plaintiffs assert that the statute merely prescribes the method of cancellation, leaving unaffected the common law rule relied upon in *Donarski v. Lardy*, 251 Minn. 358, 88 N.W.2d 7 (1958). The lower courts agreed with plaintiffs, noting that because the legislature has not included a standard of proof other than that judicially

recognized in *Donarski,* the common law rule of proof of actual receipt of notice is required.

In *Donarski,* we examined an automobile liability policy which provided for cancellation by mailing, to the named insured at the address shown in the policy, written notice stating when, not less than 5 days thereafter, the cancellation would be effective. The policy further provided that the mailing of the notice should be sufficient proof of notice. There was no governing statutory requirement or provision regarding cancellation; the case arose long before the 1975 enactment of no-fault legislation, specifically Minn.Stat. § 65B.18. The insurer took the position that under the policy language, receipt of the notice by the insured was unnecessary and that the contractual provision would survive arguments that it was against public policy. While we recognized that the position advanced by the insurer clearly represented the weight of authority, we rejected the rule, preferring a liberal construction of the insurance policy in favor of the insured. We concluded that the notice provision with respect to cancellation was intended to provide the insured with an opportunity to procure other insurance to fulfill his obligation to people whom he might have injured through the use of his automobile and that, as a result, knowledge on the part of the insured concerning a potential cancellation was so vitally important that a policy should not be cancelled without a more vigorous effort by the insurance company to communicate its intention to its insured.

The features distinguishing this case from considerations prompting the *Donarski* rule are compelling. First, the enactment of no-fault legislation has itself altered the rule, with Minn.Stat. § 65B.18 providing that proof of mailing of notice shall be sufficient proof that the requisite notice was given. *See, Evans v. Gov't Employees Ins. Co.,* 257 N.W.2d 689 (Minn. 1977) (coverage denied where a cancellation notice mailed but not received).

Second, since 1927 the legislature has specified the manner in which a township mutual insurance company is to give notice of annulment or cancellation of a policy. Registered mail, originally the only authorized form of notice, is attended by considerable safeguards: the sender must deliver the item directly to the post office, declare the value of the item, and obtain a receipt establishing delivery of the item to the postal authority. While registered mail places proof of mailing in the hands of the sender, it does not necessarily provide proof of receipt by the addressee—the sender may, but need not, request return of the addressee's receipt. Certified mail, first authorized in 1957, may be used when the mailing has no intrinsic value, but the sender, by return receipt requested, desires proof of delivery. When certified mail is not delivered to and accepted by the addressee or the addressee's agent, it is usually possible, as it was in this case, to demonstrate delivery of the item to the postal authority. We can perceive of no reason for requiring small, rural, township mutual companies to use a costly form of cancellation notice, neither required of nor commonly used by commercial insurance companies, unless the legislature intended that the mailing itself constitutes the requisite notice.

Third, the unique legislative status accorded township mutual insurance companies in recognition of their rural character prompts us to conclude that the mailing of notice by registered or certified mail is sufficient to charge the insured, who may choose not to accept the notice or to collect it from the post office after notification that registered or certified mail is being held there, with constructive receipt of the cancellation notice. The township mutual satisfied the statutorily prescribed procedure, and the plaintiffs admitted receipt of the premium notices but made no effort either to pay the premium due or to inquire into the status of their coverage. Under these circumstances and as a matter of policy, the other members of the township mutual insurance company should not be burdened with any portion of plaintiffs' loss.

Reversed.