**ROUSE MECHANICAL, INC., Respondent,**

v.

**Merlin W. DAHL, an attorney licensed to practice law in Minnesota, Petitioner.**

No. C1–92–1468.

Court of Appeals of Minnesota.

Sept. 1, 1992.

John Westrick, Walsh & Westrick, St. Paul, for respondent.

David Culbert, Minneapolis, for petitioner.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and DAVIES, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Rouse Mechanical, a Hennepin County corporation, brought a malpractice suit in Ramsey County. Rouse alleges that petitioner Merlin Dahl, a Hennepin County lawyer, failed to perfect a mechanics' lien on property located in Ramsey County and owned by the St. Paul Port Authority. The trial court denied Dahl's motion to change venue to Hennepin County, ruling that a portion of the claim arose in Ramsey County. Dahl seeks a writ of mandamus.

## DECISION

 Mandamus is the proper remedy to review a venue decision. *Castle v. Village of Baudette*, 267 Minn. 140, 142, 125 N.W.2d 416, 417 (1963). Mandamus will lie if the trial court was clearly required to change venue, but it cannot control judicial discretion. Minn.Stat. § 586.01 (1990).

 A petition for extraordinary relief should generally be brought within the time allowed for appeal from an order, although this court has discretion to consider an untimely petition, if the respondent has not been prejudiced by the delay. *Ebenezer Soc'y v. Minnesota State Bd. of Health*, 301 Minn. 188, 193, 223 N.W.2d 385, 388 (1974). We note that the petition was filed more than 30 days after the order, but respondent has not claimed prejudice and we exercise our discretion to consider the petition on the merits.

A plaintiff may bring suit "in a county in which one or more of the defendants reside when the action is begun or in which the cause of action or some part thereof arose." Minn.Stat. § 542.09 (1990). If suit is brought elsewhere, a defendant may demand that venue be "changed to the county where the defendant resides." Minn.Stat. § 542.10 (1990).

A mechanics' lien ceases 120 days after work ends, unless a claimant files a lien statement with the county recorder where the real estate is located and serves, personally or by certified mail, a copy of the lien statement upon the owner. Minn.Stat. § 514.08, subd. 1 (1990). In this case, Dahl was required to file with the county recorder in Ramsey County and serve the lien statement upon the St. Paul Port Authority in Ramsey County.

 Personal or certified mail service of a lien statement occurs upon delivery or willful refusal to accept delivery. *See Har–Ned Lumber Co. v. Amagineers, Inc.*, 436 N.W.2d 811 (Minn.App.1989). If certified mail is sent to the last available address and the intended recipient refuses or neglects to accept the mail, "constructive delivery" is deemed to have occurred at the recipient's address. *Id.* at 815. The focus is upon the owner's notice of the claim. *Id.* In this case, actual receipt, constructive delivery, or notice of the claim would have had to occur in Ramsey County. The trial court properly concluded that "actual delivery is the legally significant event for purposes of determining the place of" Dahl's alleged omission and malpractice.

 Dahl's claim that certified mail could have been sent from Hennepin County is not persuasive. The complaint focuses upon his alleged failure to protect a lien interest on property located in Ramsey County and to serve a lien statement upon the property owner in Ramsey County. Even though counsel was retained in Hennepin County and the client claims damages there, venue in Ramsey County is proper because counsel is alleged to have acted in a negligent manner with regard to the perfection of a mechanics' lien in Ramsey County, where this suit is brought. *Farmers & Merchants State Bank of Lamberton v. Ebbesen*, 300 Minn. 517, 218 N.W.2d 688 (1974).

*Petition for writ of mandamus denied.*