EISCHEN CABINET COMPANY,
Appellant,

v.

John O. HILDEBRANDT,
et al., Respondents,

Hampton Bank, n/k/a Merchants
Bank, N.A., Defendant,

Ameriquest Mortgage Company,
Respondent.

No. A03–358.

Court of Appeals of Minnesota.

Nov. 25, 2003.

George L. May, Terence G. O'Brien, Jr., May & O'Brien Law Offices, Hastings, for appellant.

Michael J. O'Loughlin, Michael J. O'Loughlin & Associates, P.A., Minneapolis, for respondents Hildebrandt, et al.

Scott E. Stevens, Dorsey & Whitney, L.L.P., Minneapolis, for respondent Ameriquest Mortgage Company.

Considered and decided by TOUSSAINT, Chief Judge, KLAPHAKE, Judge, and HALBROOKS, Judge.

## O P I N I O N

KLAPHAKE, Judge.

Appellant Eischen Cabinet Company challenges the district court's grant of partial summary judgment in favor of respondents John and Marlene Hildebrandt, asserting that the district court erred in its interpretation of the mechanics' lien statute, Minn.Stat. § 514.08 (2002), and that genuine issues of material fact remain, precluding summary judgment. Because the district court did not err in construing the mechanics' lien statute to require strict adherence to the requirements for creating a lien and because there are no genuine issues of material fact, we affirm.

## FACTS

Appellant built custom-made cabinets for respondents' home, pursuant to a contract entered into on May 4, 2000. Although work was completed in January 2002, respondents failed to pay the balance due of approximately $3,100 out of a total contract value of $30,631.72.

On Friday, May 24, 2002, appellant mailed a mechanics' lien statement to the Dakota County Recorder for filing. The statement was filed and recorded on May 28, and the district court concluded as a matter of law that the statement was timely. Also on Friday, May 24, 2002, appellant mailed a mechanics' lien statement by certified mail to respondents at their home address, the site where the work was done. Respondents, however, do not receive mail at their home, but use a post office box located at the Hastings post office. Further, May 27, 2002, was Memorial Day and the post office was closed. The certified letter was received by the Hastings post office on May 28, 2002; respondents picked up their mail on May 30. The mechanics' lien statement recites January 25, 2002, as the last day work was done. Appellant's complaint alleges that work was provided through January 29, 2002.

Respondents moved for partial summary judgment, asking that the first count of appellant's complaint, the mechanics' lien foreclosure, be dismissed and the lis pendens discharged. On March 13, 2003, the district court granted partial summary judgment to respondents, finding that service on them had not occurred until May 30, 2002. The district court concluded that because service did not occur within 120 days after the last work performed at respondents' home, the mechanics' lien was untimely and both it and the lis pendens were discharged.

## ISSUES

1. Did the district court err in concluding that the mechanics' lien statement was not served in a timely manner?

2. Are there genuine issues of material fact that preclude summary judgment?

## ANALYSIS

### 1. Mechanics' Lien Notice

 Construction of a statute, such as the mechanics' lien statute, is a question of law reviewed de novo on appeal. *Ryan Contracting, Inc. v. JAG Invs., Inc.*, 634 N.W.2d 176, 181 (Minn.2001). Mechanics' liens are statutory creations, depending for their existence on rights and procedures granted by the legislature, and are strictly construed so as not to give the statutory language "an application and meaning not intended by the legislature." *Pella Prods., Inc. v. Arvig Tel. Co.*, 488 N.W.2d 316, 318 (Minn.App.1992), *review denied* (Minn. Sept. 30, 1992).

Minn.Stat. § 514.08, subd. 1 (2000), provides that a mechanics' lien

> ceases at the end of 120 days after the last of the work, or furnishing the last item of skill, material, or machinery, unless within this period:
>
> (1) a statement of the claim is filed for record with the county recorder or ... the registrar of titles ...; and
>
> (2) a copy of the statement is served personally or by certified mail on the owner....

 Timeliness is essential to the establishment of the lien. *Northwest Wholesale Lumber, Inc. v. Citadel Co.*, 415 N.W.2d 399, 402 (Minn.App.1987), *review denied* (Minn. Feb. 12, 1988). In *Northwest*, this court stated that "time limitations under Minn.Stat. § 514.08, subd. 1, are strictly construed, based on a policy of protecting owners and purchasers from

unfair surprise by fixing a definite time when the liens should terminate." *Id.* Under Minn.Stat. § 514.08, subd. 1, a mechanics' lien ceases unless notice is served within 120 days after the last furnishing of labor or materials. "Personal or certified mail service of a lien statement occurs upon delivery or willful refusal to accept delivery." *Rouse Mech., Inc. v. Dahl*, 489 N.W.2d 272, 273 (Minn.App.1992). Appellant had the option of personally serving respondents within the 120–day period, but chose instead to attempt delivery by certified mail.

Appellant urges us to hold that service of a mechanics' lien statement is complete upon mailing by certified letter by reading Minn.Stat. § 514.08 *in pari materia* with Minn.Stat. § 514.06 (2002), which states that "[m]ailed service is effective when mailed." But the purpose and the timing of these two statutes are dissimilar. Minn. Stat. § 514.06 permits subsequent holders of land to refuse responsibility for work not authorized by them by either posting the land or by personal service or mailed notice within five days after knowledge that improvements had been authorized. Further, both statutes were amended in 1997. 1997 Minn. Laws ch. 9, § 4 (amending Minn.Stat. § 514.06); 1997 Minn. Laws ch. 137, § 18 (amending Minn.Stat. § 514.08). We find it significant that the legislature could have chosen to amend the language of these two statutes to indicate intent to read them together, but did not do so.

We conclude that the district court did not err by finding that because service was not made within the statutory period, the mechanics' lien ceased to exist.

### 2. Summary Judgment

 Appellant contends that the district court erred in granting summary judgment because a genuine issue of material

fact remains concerning when the last day of work occurred. Summary judgment is not appropriate where there is a genuine issue of material fact. Minn. R. Civ. P. 52.01.

Here, the lien statement prepared by appellant and served on respondents states that January 25, 2002, was the last day work was performed. At oral argument on the summary judgment motion, appellant stated that "[b]ut for the sake of the argument to the court here we have adopted this statement that we made under oath in the mechanics' lien statement which says January 25." The complaint, however, alleges that the correct day was January 29, 2002, and appellant states in answers to interrogatories that some adjustments were made on January 29. In its findings, the district court found that "[f]or purposes of this motion, [appellant] agrees that the last date it provided labor or material was January 25, 2002, the date alleged in the mechanic's lien statement."

Minn.Stat. § 514.08, subd. 2 (2002) requires the lien claimant to include in the lien statement the dates when the first and last items were provided by the lien claimant. These dates are critical at various stages of the mechanics' lien process. For example, a subcontractor must provide the pre-lien notice within 45 days after first providing work or materials. Minn.Stat. § 514.011, subd. 2 (2002). The lien statement must be filed within 120 days and an enforcement action must be commenced within one year after the last item is provided. Minn.Stat. §§ 514.08, subd. 1, .12, subd. 3 (2002). Referring to the one-year limitation on commencing an enforcement action, the supreme court stated: "The one-year limitation of the lien statutes is no ordinary statute of limitations; it puts a limit to the life and duration of the lien." *Ryan Contracting,* 634 N.W.2d at 183.

The mechanics' lien statute is based on technical compliance with clearly delineated rules, including issues of timing. The district court's conclusion that the last item of work was performed on January 25, 2002, is based on the lien statement drafted by appellant and appellant's stipulation at oral argument on the summary judgment motion. No genuine issue of material fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *DLH Inc. v. Russ,* 566 N.W.2d 60, 69 (Minn.1997) (quotation omitted). We therefore conclude that the district court did not err by granting summary judgment.

## DECISION

The requirements for perfecting a lien under the mechanics' lien statute are strictly construed. Where appellant, based on its own admission on the lien statement and before the district court, failed to serve respondents by certified mail within the 120–day time period, the district court did not err in granting partial summary judgment.

**Affirmed.**