EISCHEN CABINET COMPANY,
Appellant,

v.

John O. HILDEBRANDT,
et al., Respondents,

Hampton Bank, n/k/a Merchants
Bank, N.A., Defendant,

Ameriquest Mortgage Company,
Respondent.

No. A03–358.

Supreme Court of Minnesota.

July 29, 2004.

George L. May, Terence Garner O'Brien, May & O'Brien Law Offices, Hastings, for Appellant.

Michael J. O'Loughlin, Michael J. O'Loughlin & Associates, Minneapolis, for Respondent, John O. Hildebrandt.

Scott Evan Stevens, Dorsey & Whitney, LLP, Minneapolis, for Respondent, Ameriquest Mortgage Co.

## OPINION

ANDERSON, RUSSELL A., Justice.

A mechanics' lien ceases 120 days after the last work is completed unless the mechanic files a claim statement with the county recorder's office and serves upon the property owner, either personally or by certified mail, a copy of the claim statement. Minn.Stat. § 514.08, subd. 1 (2002). In this case, we are asked whether service by certified mail of a copy of a mechanics' lien claim statement upon the property owner, as permitted by Minn.Stat. § 514.08, subd. 1(2) (2002), is effective upon mailing or upon receipt and we hold that service is effective upon mailing.

On May 4, 2000, John and Marlene Hildebrandt ("Hildebrandts") contracted with Eischen Cabinet Company ("Eischen") to provide custom-made cabinets for their home in Hastings, Minnesota. Eischen completed the work on January 25, 2002.[1] The sum of $30,631.72 was due Eischen under the contract and Hildebrandts paid all but $3,131.72. On Friday, May 24,

---

1. The claim statement that Eischen filed and served stated that the last day of work was January 25, 2002. Eischen's complaint alleged that the last day of work was January 29, 2002. The district court found that for purposes of determining Hildebrandts' partial summary judgment motion, Eischen "agrees that the last date it provided labor or material was January 25, 2002, the date alleged in the mechanic's lien statement." In light of Eischen's agreement and the district court's findings, the court of appeals concluded that there was no genuine issue of material fact that the last day that Eischen provided work or materials was January 25, 2002. Eischen did not appeal that determination.

2002, Eischen mailed a mechanics' lien claim statement to the Dakota County Recorder for filing and also sent a copy of the claim statement by certified mail to Hildebrandts' home address, where the work was done. Eischen did not know that Hildebrandts received their mail at a Hastings post office box, and not at their home. The county recorder's office, and also the Hastings post office where Hildebrandts received their mail, were closed on Monday, May 27, for Memorial Day. The lien statement was filed and recorded by the county recorder on May 28. The certified letter with Eischen's claim statement was received by the Hastings post office on May 28 and Hildebrandts picked up the letter at their Hasting post office box on May 30, 2002.

Eischen commenced an action to enforce its mechanics' lien and Hildebrandts filed a counterclaim alleging that it would cost $3,000 to complete and correct the cabinet installation. Hildebrandts brought a motion for partial summary judgment which the district court granted, dismissing that portion of Eischen's complaint seeking to enforce its mechanics' lien and also discharging the claim statement—the notice of lis pendens—filed with the county recorder. The court concluded that service did not occur until Hildebrandts received the copy of the claim statement on May 30, 2002, and since May 30 was beyond the 120–day statutory time limit for service, Eischen's mechanics' lien was untimely.[2]

The court of appeals affirmed, concluding that timeliness of service is an essential requirement of the mechanics' lien statute, and that service by certified mail is effective upon receipt of certified mail,

not upon its mailing. *Eischen Cabinet Co. v. Hildebrandt*, 671 N.W.2d 609, 611 (Minn.App.2003). We granted review and now reverse.

■ We review summary judgment to determine whether there are any genuine issues of material fact and whether either party is entitled to judgment as a matter of law. *Jorgensen v. Knutson*, 662 N.W.2d 893, 897 (Minn.2003). Our review of the law, which includes the construction of statutes, is de novo. *Ryan Contracting, Inc. v. JAG Investments, Inc.*, 634 N.W.2d 176, 181 (Minn.2001).

■ We construe a statute to effect its essential purpose but we do not disregard the clear language of a statute—the letter of the law—to pursue the spirit of the law. *Amaral v. Saint Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn.1999). Our objective in all interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature. *Olson v. Ford Motor Co.*, 558 N.W.2d 491, 494 (Minn.1997). *See also* Minn.Stat. § 645.16 (2002).

■ In this case, there are no genuine issues of material fact and the legal issue is when service by certified mail is effective under section 514.08. The statute provides, in relevant part, that a mechanics' lien

> ceases at the end of 120 days after doing the last of the work, or furnishing the last item of skill, material, or machinery, unless within this period:
>
> (1) a statement of the claim is filed for record with the county recorder or

---

2. The timeliness of the filing the lien claim statement with the county recorder is not at issue. The district court found that from January 25, 2002, the last day of work, the 120–day period for filing expired May 25, 2002, but since May 25 was a Saturday and Monday, May 27, was Memorial Day, the district court extended the filing deadline to Tuesday, May 28. Hildebrandts did not appeal the district court's conclusion that the lien claim statement was timely filed with the county recorder.

\* \* \* the registrar of titles \* \* \*; and

(2) *a copy of the statement is served* personally or *by certified mail* on the owner or the owner's authorized agent or the person who entered into the contract with the contractor.

Minn.Stat. § 514.08, subd. 1. (emphasis added).

▆▆▆ The language of the statute is silent as to whether service by certified mail is effective upon mailing or upon receipt.[3] It is clear, however, that the mechanics' lien statute is remedial in nature and its essential purpose is to reimburse laborers and material providers who improve real estate and are not paid for their services. *Guillaume & Assocs. v. Don–John Co.*, 336 N.W.2d 262, 263 (Minn. 1983). Yet, the purpose of the mechanics' lien statute does not answer precisely the question of whether service of a liens claim statement by certified mail is effective upon mailing or upon receipt.

The term "certified mail" is trademarked by the United States Postal Service and is a method of sending mail in which the sender receives "a receipt stamped with the date of mailing." *http://www.usps.com/send/w aystosendmail/extraservices/certifiedmailservice.htm* (last visited July 13, 2004). For an additional fee, a sender can request delivery verifica-

tion, through the use of a "return receipt." *Id.* Within Minnesota statutes, however, when "service by certified mail" is effective differs with each statutory provision. Some statutory provisions declare that service is effective upon mailing. *See, e.g.,* Minn.Stat. § 281.23, subd. 5 (2002) (relating to real estate tax sales and requiring service of notice of the expiration of redemption rights to be provided to all property tax payers and fee owners by "certified mail, return receipt requested," acknowledging that "[p]roof of such mailing shall be made" but that "[f]ailure to receive the notice shall not operate to postpone or excuse any default"). Other statutory provisions expressly state that service by certified mail is effective upon receipt or refusal to accept receipt. *See* Minn.Stat. § 144E.19, subd. 3(c) (2002) (providing that service of notice of temporary license suspension for emergency medical personnel "is effective when the order is served on the licensee personally or by certified mail, which is complete upon receipt, refusal, or return for nondelivery to the most recent address provided to the board"). Still other statutes expressly provide a specific timeframe for the effective date of service. *See* Minn. Stat. § 144.343(2)(b) (2002) (providing that parental notification is effective at 12 noon on the day following the day that notice was sent via certified mail). Some stat-

---

**3.** Eischen urges this court to construe Minn. Stat. § 514.08 *in pari materia* with Minn.Stat. § 514.06 (2002), which under circumstances not applicable here, permits a person's interest in land to be protected from lien upon proper notice by certified mail. Section 514.06 provides that, "service may be made by personal service or by certified mail" and also that "[m]ailed service is effective when mailed." Minn.Stat. § 514.08.

*In pari materia* is a canon of statutory construction which provides that statutes relating to the same person or thing or having a common purpose should be construed together. *Apple Valley Red–E–Mix, Inc. v. State by*

*Dept. of Public Safety,* 352 N.W.2d 402, 404 (Minn.1984). The court of appeals declined to read the two statutes *in pari materia,* concluding that their time and purpose are dissimilar. We decline to decide the issue before us by construing the two statutes *in pari materia,* but we acknowledge that it would be potentially troublesome to practitioners if one admittedly distinct section of the mechanics' lien statute provided that notice by certified mail is effective upon mailing, while another admittedly distinct section of the mechanic lien statute were construed to require that service by certified mail is effective upon receipt.

utes, like the mechanics' lien statute at issue here, allow for service by certified mail but do not specify when service is effective. *See, e.g.,* Minn.Stat. § 481.13, subd. 2(a) (2002) (providing for attorneys' liens); Minn.Stat. § 67A.18, subd. 2 (2002) (allowing an insurance company to annul and cancel a township insurance policy by providing a 10–day notice via certified mail).

We have not addressed before the specific question of whether service by certified mail of a copy of a mechanics' lien claim statement upon the property owner,

as permitted by Minn.Stat. § 514.08, subd. 1(2), is effective upon mailing or upon receipt. The court of appeals previously addressed the specific question but its decisions are in conflict as to whether service is effective upon mailing[4] or upon receipt.[5] We are not able to reconcile the conflicting decisions of the court of appeals, but we find our decision in *Schneider v. Plainview Farmers Mut. Fire Ins. Co.,* 407 N.W.2d 673 (Minn.1987), to be instructive. In *Schneider,* we interpreted a statutory notice provision for annulment and cancellation of township insurance.

4. In *Har–Ned Lumber Co. v. Amagineers, Inc.,* the court of appeals held that service occurred when the lien statement was mailed to the homeowner within the statutory time even though the homeowner never actually received the notice. 436 N.W.2d 811 (Minn. App.1989). The court reasoned,

Generally, service is complete when the paper is properly mailed. The risk of failure of the mail is on the person to whom it is addressed. Certified mail is a service that provides a mailing receipt to the sender and a record of delivery at the office of address. The use of certified mail fills the function of insuring receipt by a person of suitable age or discretion at the person's last known address and is thus reasonably calculated to provide notice to the affected person. While service by certified mail raises a presumption of actual notice, such notice may be found where the certified mailing is properly directed to the intended recipient, even though not actually received by them. Due process requires only that notice be reasonably calculated to reach interested parties.

*Id.* at 815 (citations omitted).

Recently, in *Carolina Holdings Midwest LLC v. Copouls,* the court of appeals affirmed the district court's determination that service by certified mail of a copy of a lien statement occurred even though a copy was returned to the sender undelivered. 658 N.W.2d 236, 238 (Minn.App.2003). Citing *Har–Ned Lumber,* the court of appeals rejected the argument that service by certified mail is only complete upon *receipt* by the addressee. *Carolina Holdings,* 658 N.W.2d at 240.

Notice has been found when certified mail is properly directed to an intended recipi-

ent, even though not actually received. Here, the lien statements were properly directed to appellants. Moreover, the lien statements were sent several months after the completion date to the work site address that appellants themselves had given as their address when they obtained a mortgage; it was not unreasonable for respondents to assume that mail sent to this address would reach appellants. The district court's conclusion that the liens were not void because of inadequate service was not an error of law.

*Id.*

5. The court of appeals concluded that service occurred upon receipt when it examined the question, indirectly, in an attorney malpractice case. *Rouse Mechanical, Inc. v. Dahl* 489 N.W.2d 272 (Minn.App.1992). In *Rouse,* an attorney apparently failed to timely serve a mechanics' lien claim statement upon the property owner. In the malpractice suit against him, the attorney requested that venue be changed to the county from where he mailed the claim statement. The district court denied the attorney's motion for a change of venue and the attorney petitioned the court of appeals for a writ of mandamus. *Id.* at 273. The court of appeals denied the petition and in doing so, stated that "certified mail service of a lien statement occurs upon delivery or willful refusal to accept delivery." *Id.* In the present case, the court of appeals relied upon its statement in *Rouse* to affirm the district court's determination that notice to Hildebrandts was untimely. *Eischen Cabinet,* 671 N.W.2d at 611.

818

The statute, Minn.Stat. § 67A.18, subd. (2) (2002) provides that "[t]he company may annul and cancel any policy after giving not less than ten days' written notice to the insured by registered or certified mail to the last known address of the insured and to any mortgagee to whom the policy is made payable." While the statute permits service of notice by certified mail, it is silent as to whether such service is effective upon mailing or upon receipt of the notice. We concluded that service occurred upon mailing, explaining that "[w]e can perceive of no reason for requiring small, rural township mutual companies to use a costly form of cancellation notice, neither required of nor commonly used by commercial insurance companies, unless the legislature intended that the mailing itself constitutes the requisite notice." *Schneider,* 407 N.W.2d at 675.

Our ruling in *Schneider* that service by certified mail is effective upon mailing is consistent with general legal authorities. *See* 66 C.J.S. Notice § 30(a) (1998) (providing that in the absence of custom, statute or estoppel, when notice is allowed to be served by mail, service is not effective until the notice comes into the hands of the one to be served but "[w]here a statute specifies that a person shall be notified by particular means, such as *certified or registered mail, notice is effective when deposited in the mails.*") *Id.* at n. 88 (emphasis added). Our interpretation in *Schneider* is also consistent with the Minnesota Rules of Civil Procedure which provide that service of notice generally is effective upon mailing, not delivery. *See* Minn. R. Civ. P. 5.02 ("[s]ervice by mail is complete upon mailing").[6]

When we consider (1) the remedial purpose of the mechanics' lien statute; (2) the definition of certified mail provided by the U.S. Postal Service; (3) general legal authorities; (4) our own rules of civil procedure that provide that service by certified mail is effective upon mailing; and (5) our previous interpretation in *Schneider,* where the statutory notice provision was silent, that service by certified mail is effective upon mailing, we conclude that service by certified mail of a mechanics' lien claim statement, as permitted by Minn. Stat. § 514.08, subd. 1(2) (2002), is effective upon mailing.

Reversed.

---

6. We note that the mechanics' lien statutes, Minn.Stat. §§ 514.01 to 514.17, are specifically excepted from the Rules of Civil Procedure governing the procedure in the district courts in all suits of a civil nature. *See* Minn. R. Civ.

P. 81.01 and appendix A. The civil rules are not binding in this case, but we note that our decision is consistent with the procedure followed under the civil rules.