**In Re the Matter of LeAnn VAN DEN BOSCH, petitioner, Respondent,**

v.

**Joseph Aaron WEINSTOCK, Appellant.**

**No. A06–1171.**

Court of Appeals of Minnesota.

June 12, 2007.

Steven C. Youngquist, Rochester, MN, for respondent.

Mark A. Olson, Burnsville, MN, for appellant.

Considered and decided by PETERSON, Presiding Judge; ROSS, Judge; and HARTEN, Judge.

## OPINION

HARTEN, Judge.*

Appellant moved to vacate a district court order, asserting that service of the notice of motion and motion giving rise to the order was improper. Because we see no impropriety in the service, we affirm.

## FACTS

When the marriage of appellant Joseph Weinstock and respondent LeAnn Van Den Bosch was dissolved in 1995, respondent was awarded physical custody of their children. Appellant moved to the Philippines in the late 1990's.

On 15 December 2004, counsel for respondent mailed appellant a notice of intent to hold a motion hearing in district court on 7 February 2005. On 19 January 2005, counsel for respondent mailed appellant a copy of the motion; it sought to modify appellant's parenting time schedule, to condition his parenting time on the deposit of his passport, and to obtain attorney fees.

Appellant received the motion on 3 February 2005. He then wrote to the district court, arguing that service of the motion was ineffective. The hearing was held as scheduled on 7 February 2005. In its order granting respondent's motion, the district court noted that she "appeared personally and with her attorneys" and

that appellant "did not appear either personally or through an attorney nor has he responded to the Motion duly served upon him."

Appellant then retained counsel whose office is in Quebec. On 8 March 2005, appellant's counsel moved to vacate the district court's order of 7 February 2005 because of respondent's failure to provide proper notice of the motion. The motion was heard on 6 April 2005; both parties were represented by counsel. On 27 June 2005, the district court vacated the order of 7 February 2005 but reinstated the parenting plan set out in that order for 90 days, when it would expire unless respondent had brought a motion within that time to make it permanent. The memorandum attached to the order detailed the proper method of service on a resident of the Philippines. On 14 July 2005, counsel for appellant sent counsel for respondent a letter saying that he no longer represented appellant.

On 22 August 2005, counsel for respondent sent appellant a notice of motion and motion to be heard on 13 September 2005. On 6 September 2005, appellant sent the district court a "special appearance by affidavit." After the hearing, the district court noted in its order that respondent appeared personally and with her attorney and that appellant filed an affidavit opposing respondent's motion but he "did not appear nor was he represented by counsel," and he "did not serve or file a Responsive Notice." The district court's order required appellant to pay respondent $2,875.02 in child-support arrears, modified his parenting time, and awarded respondent $500 in attorney fees.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

Appellant then retained local counsel. On 2 November 2005, his counsel moved to vacate the 26 September 2005 order on the ground that respondent had not complied with the 27 June 2005 order when she served him with notice of the 13 September hearing. Appellant also moved for bad-faith attorney fees.

At the 21 March 2006 hearing, respondent appeared through counsel and appellant appeared through counsel by telephone. Counsel for respondent moved for $1,000 in attorney fees and informed the district court that appellant had not paid the $500 awarded on 26 September 2005.

By order dated 11 April 2006, the district court denied appellant's motion to vacate, directed him to pay the $500 in attorney fees awarded on 26 September 2005, and denied both parties' requests for additional attorney fees. Appellant challenges that order.

## ISSUE

Did the district court err in finding that appellant was properly served by registered mail in August 2005?

## ANALYSIS

■ "Determination of whether service of process was proper is a question of law reviewed de novo." *Turek v. A.S.P. of Moorhead, Inc.*, 618 N.W.2d 609, 611 (Minn.App.2000), *review denied* (Minn. 26 Jan. 2001).

Service on an individual outside the United States is governed by Minn. R. Civ. P. 4.04(c). In relevant part, it provides that service may be effected

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

(A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

(B) as directed by the foreign authority in response to a letter rogatory or letter of request; or

(C) unless prohibited by the law of the foreign country, by

(i) delivery to the individual personally of a copy of the summons and the complaint; or

(ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the court administrator to the party to be served; or

(3) by other means not prohibited by international agreement as may be directed by the court.

Minn. R. Civ. P. 4.04(c)(2)-(3).

In the memorandum accompanying its 27 June 2005 order to vacate, the district court noted in regard to subparagraph (A) of Minn. R. Civ. P. 4.04(c), that "[u]nder Filipino law, effective service of process through mail requires service by international registered mail, return receipt requested[ ]" and that "[Respondent] could have properly effected service of process by sending [her] Notice of Motion and Motion through registered mail with return receipt requested."

■ The record indicates that respondent followed this procedure in August 2005, when she served her second notice of motion and motion. The affidavit of service says that service on appellant was effected "by mailing to him two copies thereof, one by registered international mail, return receipt requested, and one by international mail using international postage, enclosed in an envelope, postage prepaid...." The record also includes the receipts for registered mail issued to respondent's counsel's law office. Service of

respondent's second motion in August 2005 was thus in compliance with the district court's June 2005 order.

Appellant argues that service was improper because no return receipt was provided to the court, but he cites no authority indicating that a return receipt is required as proof that service was effected. Appellant also argues that Minn. R. Civ. P. 4.04(c)(2)(C)(ii) requires that a court administrator send the papers. But respondent was proceeding, in accord with the district court's order, under Minn. R. Civ. P. 4.04(c)(2)(A), which does not impose that requirement.

Finally, appellant argues that he did not receive the motion papers at least 14 days prior to the 13 September 2005 hearing, in violation of Minn. R. Gen. Pract. 303.03(a)(1) (providing that "[n]o motion shall be heard unless the initial moving party ... serves a copy of the ... documents on opposing counsel ... at least 14 days prior to the hearing").[1]

But respondent's affidavit of service indicates that the notice of motion and motion were mailed to appellant on 22 August 2005, some 21 days before the 13 September 2005 hearing date. "Service by mail is complete upon mailing." Minn. R. Civ. P. 5.02; *see also Eischen Cabinet Co. v. Hildebrandt,* 683 N.W.2d 813, 818 (Minn.2004) (holding that, when notice is allowed to be served by mail, it is effective when mailed). Even if appellant did not receive the papers within 14 days of the hearing date, service was effective because they were mailed 21 days in advance.

## DECISION

Because respondent's notice of motion and motion were properly served on appellant in August 2005, the district court did not err in denying appellant's motion to vacate the resulting 6 September 2005 order on the ground of improper service.

**Affirmed.**

---

1. Appellant does not disclose when he did in fact receive the notice of motion and motion.