*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1940**

In re the Marriage of:
Anita Jurevica, petitioner,
Respondent,

vs.

Margots Kapacs,
Appellant.

**Filed August 22, 2016
Affirmed
Kirk, Judge**

Hennepin County District Court
File No. 27-FA-13-7367

Lawrence H. Crosby, Jay D. Olson, Crosby & Associates, St. Paul, Minnesota (for respondent)

Margots Kapacs, Minneapolis, Minnesota (pro se appellant)

Considered and decided by Kirk, Presiding Judge; Connolly, Judge; and Larkin, Judge.

## UNPUBLISHED OPINION

**KIRK**, Judge

Appellant-husband challenges the district court's denial of his motion to remove the assigned district court judge for cause, arguing that (1) the district court judge and wife's counsel engaged in ex parte communications; (2) he was not properly served notice of

wife's motion for temporary relief; (3) the district court judge exhibited bias against him in numerous rulings including discovery, child support, and parenting time; and (4) the district court judge violated multiple aspects of the Minnesota Code of Judicial Conduct. We affirm.

## FACTS

In 2008, appellant-husband Margots Kapacs and respondent-wife Anita Jurevica were married in Latvia and relocated to Minnesota. In 2013, wife petitioned for marital dissolution. At the time of the dissolution, the parties had two minor children. In her dissolution petition, wife requested sole physical and sole legal custody of the children.

On March 31, 2014, wife filed a motion seeking temporary relief. Wife's counsel filed an affidavit of service to husband at his last known address. Husband failed to respond. On April 28, the district court held a hearing on wife's motion, and husband failed to appear. The district court temporarily awarded wife sole physical custody of the parties' minor children and ordered husband to pay wife $1,104 in monthly basic support. It also restricted husband's parenting time and ordered the parties to adhere to the rules of formal discovery.

On August 14, the district court held a pretrial conference on the parties' dissolution and appointed a guardian ad litem (GAL) to act in the children's best interests. On the same day, it held an evidentiary hearing on wife's motion for an order for protection (OFP) against husband and granted wife a two-year OFP.

On November 7, the dissolution matter was reassigned to another district court judge. Wife moved to compel discovery after husband failed to respond to her

2

interrogatories concerning his finances. The district court held a hearing on wife's motion. Wife's counsel complained that husband failed to disclose his financial information. The district court noted on the record that it had reviewed the file and was concerned about the limited financial evidence provided by husband and warned him that it would appoint a receiver to determine his financial assets if he failed to comply with discovery. Husband repeatedly interrupted the district court throughout the hearing with improper objections and remarks. The district court initially found husband in contempt, but later retracted the finding after husband apologized to the district court and said he would be quiet. At the conclusion of the hearing, the district court issued interim orders extending the appointment of the GAL, requiring a custody evaluation, and requiring husband to comply with wife's interrogatory requests.

In December, husband moved to remove the GAL. The district court denied husband's motion. In January 2015, wife moved to find husband in constructive civil contempt for failing to pay court-ordered child support and other financial support. At the contempt hearing, husband admitted that he had not paid wife his court-ordered obligations. In February, the district court issued an order finding husband in constructive civil contempt for failing to obey the order for temporary relief. It ordered him to serve 180 days in jail, but stayed execution if husband complied with the purge conditions, including paying the current and past-due child support and wife's attorney fees. It again warned husband that if he failed to make timely payments, the district court would order the appointment of a receiver to sell one or more of the parties' real properties to satisfy husband's debt to wife.

In March, husband moved to vacate the OFP and requested modification of his temporary child-support obligation and parenting time. On April 13, the district court held a review hearing and addressed the merits of husband's motion. It denied his request to vacate the OFP, stating that it lacked "jurisdiction" to do so. It verified that husband had still not made the court-ordered payments as required by the February 2015 contempt order. It issued an order denying husband's motions, but reduced his child-support obligation. It also ordered the sale of one of the parties' rental properties and that the sale proceeds be used to satisfy husband's debt to wife, with any remaining funds placed into escrow with the court.

On July 15, seven days before trial was slated to begin, husband moved to remove the district court judge for cause. The district court judge held a hearing on husband's motion and denied his motion. The chief judge of the district assigned a third judge to hear husband's motion to remove, and, after a hearing, she denied husband's motion, concluding that husband had failed to make an affirmative showing of prejudice by the district court under Minn. R. Civ. P. 63.03.

Husband appeals.

**D E C I S I O N**

**I.    The district court judge did not engage in improper ex parte communications and rulings.**

"A motion to remove for cause is committed to the discretion of the [district] court and [we] will reverse only for an abuse of that discretion." *Hooper v. State*, 838 N.W.2d 775, 790 (Minn. 2013) (quotation omitted). Any motion for removal of a judge on the

4

basis of actual prejudice or bias shall first be heard by the judge sought to be removed. Minn. R. Gen. Pract. 106. If the judge denies the party's motion, it may then be heard and reconsidered by the chief judge of the district court or another judge designated by the chief judge. *Id.* "The mere fact that a party declares a judge partial does not in itself generate a reasonable question as to the judge's impartiality." *State v. Burrell*, 743 N.W.2d 596, 601-02 (Minn. 2008).

In his pro se brief, husband argues that the judge engaged in numerous ex parte communications and rulings with wife's counsel. He alleges that the judge and wife's counsel engaged in ex parte communications at the December 1, 2014 hearing. In support of this claim, he asserts that he was not allowed to enter the courtroom prior to the hearing and infers from this fact that they were acting in concert to liquidate his nonmarital assets before entry of the marital dissolution judgment.

After reviewing the record, we conclude that the district court properly found that husband's claim was meritless as there is no evidence in the record of any ex parte communications between the judge and wife's counsel, nor is there any evidence that husband was ever disallowed entrance into the courtroom.

## II. Husband was properly served notice of wife's motion for temporary relief.

Husband argues that wife's counsel's failure to properly serve him notice of the April 29, 2014 temporary hearing violates his right to due process and equal protection under the law. Husband claims that he did not receive notice of the hearing, which was mailed to him at his last known address.

There is no merit to husband's allegations because wife's counsel properly served husband. On March 20, 2014, husband's counsel filed a letter with the district court withdrawing representation. In that letter, she recited husband's last known address. Eleven days later, wife's counsel filed an affidavit of service with the district court stating that he had mailed husband the notice of motion and motion for a hearing for temporary relief to his last known address. Wife's counsel's conduct comports with Minn. R. Civ. P. 5.02, which provides that service upon a party may be perfected by mailing a copy of the document to be served to the party's last known address. "[S]ervice of notice . . . is effective upon mailing, not delivery." *Eischen Cabinet Co. v. Hildebrandt*, 683 N.W.2d 813, 818 (Minn. 2004). Because husband was properly served, the district court properly concluded that his due process and equal protection arguments are without merit.

**III.  The district court judge was not biased against husband and did not make rulings that must be re-addressed by another judge.**

Husband challenges several rulings by the judge that we address in turn. Husband contends that the judge exhibited bias against him at the January 28, 2015 hearing by disregarding evidence demonstrating that he paid child support to wife by paying her car expenses, utilities, mortgage, and house maintenance, and that he paid "most" of the children's health-care expenses. He also asserts that the judge ordered him to pay a delinquent gas bill that he had already paid.

A review of the record supports the district court's finding of no evidence of judicial bias against husband. The record demonstrates that the judge properly based her rulings concerning husband's court-ordered payments on his admissions that he had not paid wife

6

his court-ordered obligations. She also noted on the record that she had reviewed husband's bank statements and materials prior to the hearing.

Husband next argues that the judge showed bias by improperly (1) denying his two motions for a new hearing; (2) failing to vacate the OFP; (3) failing to provide service with the order of forced sale for one of the parties' rental properties; and (4) preventing his appeal of the order for the forced sale. In support of his claims, husband submitted a personal affidavit describing how he was unable to file a motion with the district court. Because this affidavit was never presented to the district court, any argument based on its contents is deemed waived on appeal. *See* Minn. R. Civ. P. 110.01 (defining record on appeal); *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that, generally, appellate courts do not consider evidence not previously presented to the district court).

Addressing husband's first claim, a "district court has considerable discretion in scheduling matters and in furthering what it has identified as the interests of judicial administration and economy." *Rice Park Props. v. Robins, Kaplan, Miller & Ciresi*, 532 N.W.2d 556, 556 (Minn. 1995). The district court properly found that the judge acted within her discretion under the law when she denied husband's request to hold additional hearings. It is unclear exactly what relief husband was seeking in his attempt to move for additional hearings. In his principal brief, husband claims that he wanted to "move to dismiss," "move to modify," and "move to raise new issues that explicitly articulate wife's failure to properly serve him notice of the temporary hearing." But husband was able to present all of his claims at the April 13, 2015 hearing, and they were addressed by the judge

7

in its following order.  Under these facts, there is no evidence that the judge was biased against husband, but instead acted appropriately in scheduling the parties' various claims.

Addressing husband's remaining issues, the district court did not have jurisdiction to amend the OFP because it was a separate matter that was tried before a different judge. And husband's remaining claims concerning the sale of one the parties' rental properties are deemed waived because they were never presented to the district court in his motion to remove for cause.  *Thiele*, 425 N.W.2d at 582.

## IV. Husband waived his challenge to the district court judge's calculation of his child-support obligation.

We review orders modifying child support for abuse of discretion. *Gully v. Gully*, 599 N.W.2d 814, 820 (Minn. 1999).  We "will reverse only if the district court abused its broad discretion by resolving the matter in a manner that is against logic and the facts on record." *Haefele v. Haefele*, 837 N.W.2d 703, 708 (Minn. 2013) (quotation omitted).

Husband argues that the judge exhibited bias when she ordered the "same child support payment with all the same errors of wrong income," and that she did not verify his income as stated in the records that he provided to the district court.  Because husband failed to raise these issues before the district court in his notice to remove, they are not properly before this court.  *See Thiele*, 425 N.W.2d at 582.

## V. The district court judge did not find husband in contempt of court for failing to provide discovery.

The district court has broad discretion in granting or denying discovery requests. *Baskerville v. Baskerville*, 246 Minn. 496, 507, 75 N.W.2d 762, 769 (1956).

Husband argues that the judge exhibited bias in finding him in contempt for failing to provide wife with information regarding his finances. Husband asserts that he had provided all of the requested information to wife's counsel, but the judge unfairly found him in contempt for not doing so.

The record supports the district court's finding that the judge did not exhibit bias in this regard. Husband mischaracterizes the record. He was not found in contempt for failing to provide discovery; rather, he was found in contempt for failing to follow the district court's temporary order requiring him to pay child support and other financial obligations. Further, the judge gave husband the opportunity to explain why he was behind on his court-ordered payments at the January 28, 2015 hearing.

## VI. The district court judge did not err in restricting husband's parenting time.

The district court has broad discretion in determining parenting-time issues and will not be reversed absent an abuse of that discretion. *Olson v. Olson*, 534 N.W.2d 547, 550 (Minn. 1995). A district court abuses its discretion if its findings are unsupported by the record or if it misapplies the law. *Pikula v. Pikula*, 374 N.W.2d 705, 710 (Minn. 1985).

Husband argues that the judge unfairly denied his request to modify his parenting time, and instead restricted his parenting time below the statutory presumption of 25% parenting time under Minn. Stat. § 518.175, subd. 1(g) (2014). In her order, the judge relied on the GAL's recommendation concerning husband's limited parenting time because husband had recently moved, and the GAL could not verify that his residence was safe for the children. Further, the judge found that husband was largely responsible for missing past court-ordered parenting time with the children.

9

Here, the judge's findings comport with Minn. Stat. § 518.175, subd. 5 (2014), which authorizes the district court to restrict parenting time if it finds that: "(1) parenting time is likely to endanger the child's physical or emotional health or impair the child's emotional development; or (2) the parent has chronically and unreasonably failed to comply with court-ordered parenting time." There is no evidence of bias against husband as the record supports the judge's determination that his living situation was not physically safe for the children and that he had repeatedly and unreasonably failed to parent the children during his court-ordered parenting time.

## VII. The district court judge did not violate the Minnesota Judicial Code of Conduct.

Finally, husband argues that the judge lacks the ability to be a fair and impartial decision-maker because she was previously found to be biased by the Minnesota Supreme Court in an unrelated action.

In denying his motion to remove for cause, the district court concluded that husband was unable to make an affirmative showing of prejudice under Minn. R. Civ. P. 63.03 on the part of the judge. The record supports the district court's conclusion.

**Affirmed.**